BLACKSTON MERCANTILE COMPANY *v.* THOMAS D. MC-
PHERSON.

1. PARTNERSHIP.  *Liability to third party.  Agreement inter se.*

The existence of a partnership between two defendants being admitted, evidence that the goods, the price of which is sued for, were purchased from the plaintiff in the co-partnership name by one of the partners and were used in the co-partnership business, should not, on an issue as to the liability of the other partner, be excluded at the instance of the latter as not tending

to prove his liability, although it be shown that by agreement between the partners each was to furnish on his own credit like goods to be so used, and the latter had complied on his part with the agreement.

2. SAME.  *Representations of partner.  Evidence.*

The partnership being admitted, a representation by a partner when purchasing that the goods were for the benefit of the partnership, is admissible in evidence on an issue made as to the liability of the other partner.

FROM the circuit court, first district, of Carroll county.

HON. WILLIAM F. STEVENS, Judge.

The Blackston Mercantile Company, the appellant, was the plaintiff in the court below; the defendants there were one Holman and Thomas D. McPherson, the appellee, who were partners in the sawmill business. They were sued as such partners for goods purchased in the name of the firm by Holman, for use in the commissary department connected with the mill business; Holman made no defense. It was shown that by agreement between the partners each was to furnish on his individual credit goods for the commissary, and that McPherson had complied with the agreement on his part.

McPherson, the appellee, at the close of the plaintiff's evidence, moved the court below to exclude the same as not tending to show his liability, and for a peremptory instruction in his favor. This motion was sustained by the court below, and judgment entered accordingly. The plaintiff appealed to the supreme court. The nature and character of the other evidence, and the state of the pleadings, are shown in the opinion of the court.

*Southworth & Richardson,* for appellant.

The testimony of Blackston as to the admissions of Holman, touching the scope and extent of the partnership, was competent. The partnership had already been established, and the evidence was competent, not for the purpose of showing the existence of the partnership, but to show its scope and extent,

to show whether it extended to the sawmill business and commissary alike, or whether it was confined to the sawmill business alone. This inquiry was upon the vital point in the case, and the exclusion of this evidence was reversible error. *Faler v. Jordan,* 44 Miss., 283; *Lea* v. *Guice,* 13 Smed. & M., 656.

A partnership for carrying on a sawmill business is a trading partnership, and includes the right in each partner to buy and sell. *Kimbro* v. *Bullitt,* 22 How. (U. S.), 256.

No counsel appeared in the supreme court for the appellee.

TERRAL, J., delivered the opinion of the court.

The plaintiff sued the defendants as partners upon an open account for $229.09, and had judgment against Holman for that amount. The defendant, McPherson, denied any liability on his part for the goods. The pleadings admitted that Holman & McPherson were partners in the sawmill business. It was shown that Holman, in the name of Holman & McPherson, ordered the goods of the plaintiff corporation, and his representation that the goods were for the firm of Holman & McPherson was also offered to be proven, but the representation was excluded. It was also shown that the goods bought of the plaintiff were placed in the commissary, which was run by the defendants in connection with their mill business, and that said goods were sold to the mill hands, or furnished to them in payment of their labor. McPherson also furnished goods for the commissary, which were in like manner sold to the hands in payment of their labor, and for these goods, when sold, credit was given to Holman or McPherson, as the case might be. All the evidence was excluded, and the jury instructed to find for McPherson.

We think the evidence was sufficient to support a verdict for the plaintiff, if one had been found, and that it was error to exclude it from the jury. *Lea* v. *Guice,* 13 Smed. & M., 656; *Mayson* v. *Beazley,* 27 Miss., 111; *Kimbro* v. *Bullitt,* 22 How. (U. S.), 268.

The representation of Holman (the partnership having been otherwise proven) that the goods were for the benefit of the firm was proper to go to the jury. *Lea* v. *Guice,* 13 Smed. & M., 656.

*Reversed and remanded.*